UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| APRIL MCLEAN | : | CIVIL NO. 3:15CV01771(SRU) |
|    *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CENTER, CORRECTIONAL | : | |
| MANAGED HEALTH CARE | : | |
|    *Defendant* | : | MAY 25, 2016 |

**ANSWER AND AFFIRMATIVE DEFENSES**

      The defendant, University of Connecticut Health Center, hereby responds to plaintiff's complaint in correspondingly numbered paragraphs. Defendant states preliminarily that it categorically denies any and all allegations of improper, illegal, discriminatory and/or retaliatory conduct, and responding to plaintiff's allegations as written in now constitutes any admission of same.

1.    The defendant admits that the plaintiff was previously employed by the defendant as a psychologist. The defendant denies any and all unlawful conduct and/or retaliation. The defendant admits that Brian Liebel is employed by the defendant as a Health Services Administrator. As to the remainder of plaintiff's allegations, the defendant is without sufficient information upon which to form a belief and therefore leaves plaintiff to her proof.

2.    The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

3. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

4. Defendant denies that all conditions precedent to jurisdiction have occurred or been complied with. Defendant denies, and this Court has dismissed, plaintiff's claim of constructive discharge.

5. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

6. Defendant denies that any grounds for an award to the plaintiff of costs or attorneys' fees exist.

7. The defendant denies any unlawful employment practices. The defendant admits that this action properly lies in the District Court of Connecticut.

8. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

9. It is admitted that the plaintiff was an employee as defined by Title VII of the Civil Rights Act of 1964 as amended.

10. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

11. Admitted.

12. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

13. Admitted.

14. It is admitted that, among myriad duties and obligations at numerous locations, the defendant provides mental health care to inmates at Osborn Correctional Institution ("OCI").

15. It is admitted that defendant employed plaintiff as a Supervising Psychologist I starting on March 9, 2012, and that she was at times during her employment assigned to OCI.

16. It is denied that Brian Liebel exercised overall supervision of plaintiff's employment. It is admitted that Brian Liebel served as an HSA for defendant with duties at OCI that included supervisory duties related to plaintiff.

17. Denied.

18. It is admitted that Brian Liebel inquired as to a single comment that plaintiff had made about herself and a DOC employee. The remainder of the allegations contained in this paragraph are denied.

19. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

20. Denied.

21. It is admitted that Brian Liebel is not a psychologist.

22. Denied.

23. Denied.

24. It is denied that Brian Liebel engaged in retaliatory conduct towards plaintiff, and it is denied that plaintiff apprised Robert Berger or Paul Chaplin that she claimed to be the victim of retaliatory conduct.

25. Denied.

26. Denied.

27. Defendant denies that Brian Liebel made this assertion in this context. Defendant denies plaintiff was excluded from weekly supervisory meetings. Defendant admits that occasionally meetings were cancelled, but denies any retaliatory or improper reason for the cancellation of meetings.

28. The defendant denies any such alleged behavior on the part of Brian Liebel or any other person in their employ. As to the remainder of the allegations contained in this paragraph, defendant is without sufficient information upon which to form a response and therefore leaves the plaintiff to her proof.

29. Denied.

30. Denied.

31. Defendant denies that Brian Liebel "downgraded" plaintiff's ratings, and is therefore unable to respond to the remainder of the allegations contained in this paragraph.

32. Denied.

33. Denied.

34. The content of defendant's policies is neither admitted nor denied as any policies speak for themselves. The remainder of plaintiff's allegations in this paragraph are denied, and it is denied that defendant or Brian Liebel violated any of defendant's policies.

35. The content of defendant's policies is neither admitted nor denied as any policies speak for themselves. The defendant denies that defendant or Brian Liebel violated any of defendant's policies.

36. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

37. Denied.

38. Denied.

39. Defendant admits that on or about October 7, 2014, the plaintiff filed a complaint with the defendant's Office of Diversity and Equity ("ODE").  Defendant denies any and all wrongdoing, sexual harassment and retaliation.

40. Defendant denies any and all alleged retaliation.   As the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

41. It is admitted that after filing a complaint, the plaintiff was transferred to Northern Correctional Institution.  As to the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

42. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

43. Denied.

44. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

45. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

46. The defendant denies making any false claims. As the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

47. The defendant denies that anyone can be characterized as a "victim" and denies that five more victims alleged that they had been harassed. Defendant admits that Brian Liebel was reassigned away from Osborn Correctional Institution. Defendant denies that Dr. Trestman "finally relented." As the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

48. Denied.

49. Defendant denies that Brian Liebel attempted to intimidate plaintiff and that he physically blocked her path of exit. Defendant denies the allegations contained in this paragraph.

50. Denied.

51. Denied.

52. Defendant denies this confusing allegation, and incorporates its previous denial in paragraph 51.

53. Defendant denies that it "took the Vets Dogs Program" from the plaintiff. Defendant denies this confusing allegation.

54. The defendant denies that it terminated plaintiff's assignment to the Vets Dogs Program. The defendant denies the allegations contained in this paragraph.

55. It is admitted that Brian Liebel arrived at Enfield Correctional Institution on or about October 23, 2014, which was where he was assigned to work.

56. The defendant is not able to admit or deny the allegations in this paragraph as they are unintelligible.

57. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

58. Denied.

59. The defendant denies that ODE produced a biased report. The defendant admits the remainder of the allegations contained in this paragraph.

60. The defendant admits that the ODE concluded that the use of the word "Hon" is not gender specific. As the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

61. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

62. The defendant admits that on or about October 13, 2104, plaintiff wrote a letter to Connecticut's governor. The defendant denies any and all sexual harassment and/or retaliation. The defendant neither admits nor denies the content of plaintiff's letter as it speaks for itself.

63. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

64. The defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

65. The defendant denies that it ever subjected plaintiff to retaliatory actions.

66. Denied.

67. It is admitted that plaintiff requested an unpaid week off to attend training. It is admitted that the request was denied on the basis of facility need. As to the remainder of the allegations contained in this paragraph, the defendant is without sufficient information upon which to form a belief and therefore leaves the plaintiff to her proof.

68. The defendant denies any and all claims of retaliation. Defendant neither admits nor denies plaintiff's claim of constructive discharge as this claim has been dismissed by the Court.

69. Denied.

70. See response to paragraph 67, which is identical to this paragraph.

71. The defendant denies all of plaintiff's claims of wrongful treatment, and does not address plaintiff's claim of constructive discharge as it has been dismissed by the Court.

72. The defendant denies any and all claims of retaliation. The defendant does not address plaintiff's claim of constructive discharge as it has been dismissed by the Court.

73.-144. The defendant incorporates its responses to paragraphs 1-72 as if fully set forth herein.

145. The defendant denies any and all allegations of discrimination and/or retaliation.

146. The defendant denies any and all allegations of discrimination and/or retaliation.

147. The defendant denies any and all allegations of discrimination and/or retaliation.

148. The defendant denies any and all allegations of discrimination and/or retaliation.

149. The defendant denies sexually harassing conduct, retaliation, and harassment, and denies the violation of any laws.

150. Denied.

151. The defendant does not respond to plaintiff's claim of constructive discharge as it has been dismissed by the Court.

152. The defendant denies any and all allegations of retaliatory conduct and denies this allegation.

153. The defendant denies any and all allegations of retaliation and does not respond to plaintiff's claim of constructive discharge as it has been dismissed by the Court.

154. The defendant denies any and all retaliation and any and all sexual harassment, and denies the allegation contained in this complaint.

155. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of plaintiff's claims are barred due to her failure to timely file any action with the Commission on Human Rights and Opportunities.

### Second Affirmative Defense

Some or all of plaintiff's claims are barred due to her failure to timely file her action with the Equal Employment Opportunity Commission.

### Third Affirmative Defense

The plaintiff fails to state a claim upon which any relief can be granted.

**Fourth Affirmative Defense**

Any and all decisions made with regard to plaintiff's employment with the defendant were made for legitimate, non-discriminatory reasons.

**Fifth Affirmative Defense**

Plaintiff has failed to mitigate her alleged damages.

**Sixth Affirmative Defense**

Plaintiff failed to exhaust her administrative remedies.

**Seventh Affirmative Defense**

Plaintiff fails to allege and cannot establish a *prima facie* case of retaliation.

**Eighth Affirmative Defense**

The defendant was not the cause of any damages, injuries or losses plaintiff alleges in her complaint.

Defendant reserves the right to assert additional Affirmative Defenses as they may become known throughout the discovery process.

DEFENDANT,
UNIVERSITY OF CONNECTICUT
HEALTH CENTER, CORRECTIONAL
MANAGED HEALTH CARE


By  /s/ Lynn D. Wittenbrink
    Lynn D. Wittenbrink
    Assistant Attorney General
    University of Connecticut Health Center
    Office of the Attorney General
    263 Farmington Avenue, Suite AG093
    Farmington, CT 06030-1093
    Tel.:  (860) 679-1654
    Fax:  (860) 679-1997
    E-mail:  wittenbrink@uchc.edu
    Federal Bar No. ct08575


## **CERTIFICATION**

    I hereby certify that on May 25, 2016 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


    /s/ Lynn D. Wittenbrink
    Lynn D. Wittenbrink
    Commissioner of the Superior Court